JOHN KELLY, late Sheriff, &c., Appellant, v. GEORGE R. DOWNING and others, Respondents.

A custom, on the part of D. & Co., of receiving remittances from B. and applying the same in payment of B.'s notes (they having his bill book and knowing what notes he has out), does not render them liable in an equitable action to reach B.'s funds in their hands, brought by the sheriff who holds a note of B. by virtue of an attachment against the payee thereof, in the absence of specific instructions from B. to D. & Co. to pay that note.

This is so, although D. & Co., claiming the note by virtue of an attachment and judgment in their own favor against such payee, have assumed to credit the payee and charge B. with the amount thereof, and B. has assented.

A demurrer is not an answer within section 275 of the Code of Procedure.

(Argued January 10, 1870; decided March 17, 1870.)

APPEAL from a judgment entered upon the decision of the General Term of the Supreme Court in the first district, affirming a judgment, rendered on trial before Justice CLERKE without a jury, in favor of defendants.

This action was commenced against George R. Downing, George R. Downing, Jr., Theodore B. Downing and James Bailey.

The complaint, after alleging plaintiff's official character, alleged in substance that on the 1st day of March, 1860, one Samuel Baldwin was indebted to one Jacques Schieb in the sum of $9,298.44, with interest, and that on the same day said Schieb commenced an action in the Superior Court of the city of New York against said Baldwin to recover the said debt, and issued to the plaintiff as sheriff a summons in such action; and that on the same day said Schieb duly procured from one of the justices of said court a warrant of attachment in such action against the property of said Baldwin and delivered the same to the plaintiff; that the plaintiff served the said summons upon the said Baldwin before the execution of the said attachment; that on the 8th day of March, 1861, said Baldwin was also indebted to the defendants Downing in the sum of $4,598.56, for the recovery of which said defendants had, on the 23d day of February, 1861, commenced an action against said Baldwin; that on the said 8th day of March said defendants duly obtained a warrant of attachment in such action against the property of said Baldwin and delivered the same to the plaintiff. The complaint then further alleges : "That on or about the 16th day of December, 1859, the above named defendant, James Bailey, made and delivered to the said Samuel Baldwin his certain promissory note in writing, bearing date the day and year last aforesaid, whereby he promised to pay to the order of the said Samuel Baldwin, six months after date of said note, the sum of $646.36 for value received, and thereupon delivered the same to the said Samuel Baldwin, who thereupon became, and on the 1st day of March, 1860, and at the time of the execution of the attachment, first hereinbefore mentioned, continued the holder and owner thereof, and the same was then in his possession; that on the day the said warrants of attachments were respectively issued, he duly executed the same according to law, and that, among other property of the said Baldwin which was attached under said warrants, he has taken into his possession, and now holds the promissory note aforesaid ; that on or about the date of maturity of the said note, to wit., the

19th day of June, 1860, the said James Bailey deposited with the firm of G. R. Downing & Co., of the city of New York, then and now composed of the defendants Downing, various sums of money, with the understanding and agreement that they should be applied in payment of various indebtedness of said Bailey in the city of New York, including his indebtedness on the promissory note aforesaid; that on the 19th day of June, 1860, the said firm held in a fiduciary capacity, to be applied to the payment of the said note, the sum of $646.36, and also other moneys belonging to said Bailey to a large amount; and that at all times since the maturity of said note, the amount of money so held by said firm has exceeded the amount due on the note for principal and interest, and said defendants Downing have refused and neglected to pay said note; that on the 7th day of December, 1861, in the action first hereinbefore referred to, the said Jacques Schieb recovered judgment against the said Samuel Baldwin for the sum of $2,928.23, a transcript of the docket of said judgment was on the same day filed in the office of the clerk of the city and county of New York, and on the same day an execution upon the said judgment against the property of the said Samuel Baldwin was delivered to the plaintiff as sheriff, as aforesaid, and still remains in his hands unsatisfied; that on the 19th day of December, 1861, and on the 24th day of January, 1862, the aforesaid warrants of attachment and execution still being in the hands of the plaintiff as aforesaid, and the said execution remaining unsatisfied, he applied to the defendants Downing for the purpose of levying on the moneys aforesaid, and requested said defendants Downing to account therefor to him and pay the same to him, which was refused.

Wherefore the plaintiff demands judgment, that the said defendants, George R. Downing, George R. Downing, Jr., and Theodore B. Downing, be adjudged to account to the plaintiff, late sheriff as aforesaid, for all moneys in their hands deposited by said Bailey, or for his account, applicable to the payment of the aforesaid note, and to pay to the plaintiff so

much thereof as may be sufficient to satisfy the amount due on said note with interest, and in the mean time that the defendants Downing be enjoined from paying over said money to any other person than the plaintiff, and that a receiver be appointed during the pendency of this action, and that the defendants, George R. Downing, George R. Downing, Jr., and Theodore B. Downing, be adjudged to pay the costs of this action, and that the plaintiff may have such further and other relief as may be meet, &c.

The defendants, Downing, answered the complaint, admitting the action, attachment and judgment in favor of Schieb against Baldwin, and denying in substance, that any money had been deposited with them by Bailey, or that they held any of Bailey's money for the payment of the note given by him to Baldwin.

The defendant Bailey demurred to the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action. The issue of law raised by the demurrer was tried and the demurrer was overruled and judgment was ordered for plaintiff, unless Bailey should answer, &c. Bailey did not answer, and the issue of facts found by the answer of the other defendants was tried at a Special Term. The following are the material facts found by the court: On the 24th day of April, 1860, the defendants, Downing, recovered against one Samuel Baldwin, in this court, a judgment for $6,102.28, the principal part of which, say to the extent of $5,000, remains unsatis fied, and has so remained since before the date of the note referred to in the complaint. Said note passed out of the hands of said Baldwin, in February, 1860. Said defendants never promised Baldwin to pay the note. The defendant, Bailey, a resident of California, had been in the habit since 1850, of buying goods of G. R. Downing & Co., in New York, making to them remittances from California. They have his bill book, knowing what notes he had out, and applying the remittances to the payment of Bailey's notes. Neither prior to, nor at the time of, nor after the maturity

of the note referred to in the complaint, did the defendants, the Downings, have any instructions from Bailey to pay the said note, nor did Bailey deposit any money with them for that purpose. At the time of the maturity of said note, the defendants, the Downings, did not have sufficient funds in their hands belonging to Bailey, to pay said note. Some time after the maturity of said note, the defendant, George R. Downing, Jr., came to the office of Mr. Schieb, and asked him whether he had the note referred to in the complaint, and stated that he had come to take it up. Schieb replied that he had nothing to do with it. In October, 1860, by an entry made in that month in their books, the defendants, Downing & Co., credited Baldwin with the amount of the note $646.36, and charged the amount to Bailey. The defendant, Bailey, was notified of this appropriation, and assented to it, Downing's representing to him that they claimed title to the note by legal process, meaning the said attachment against Baldwin, being one of the attachments set forth in the complaint. They had attached the said note under an attachment against Baldwin, issued in their favor. And the court arrived at the following conclusions of law:

That, upon the pleadings and upon the evidence, the plaintiff was not entitled to any relief against the defendants, or either of them; to which the plaintiff excepted.

That the complaint should be dismissed as to the defendants, the Downings; to which the plaintiff excepted.

That the complaint should be dismissed as to the defendant, Bailey; to which the plaintiff excepted.

And the court directed judgment to be entered in favor of the defendants.

*John J. Townsend*, for the appellant, cited *Cutter* v. *Wright* (22 N. Y., 472); *Whitney* v. *Whitney* (49 Barb., 323); *Emory* v. *Pease* (20 N. Y., 62); *Denman* v. *Prince* (40 Barb., 219); *Lowery* v. *Steward* (25 N. Y., 239); Pothier Obligations, part 3, ch. 2, art. 6; *Durdon* v. *Gaskell* (2 Yeates, 268); *Fleming* v. *Alter* (7 S. & R., 295); *Higdon* v. *Thomas* (1

Har. & Gill., 139); *Arnold* v. *Lyman* (17 Mass., 400); *Mason* v. *Waite* (17 Mass., 563); *Mosher* v. *Hubbard* (13 J. R., 512); *Allen* v. *McKeen* (1 Sumner, 37); *Heard* v. *Bradford* (4 Mass., 326); *Hall* v. *Marston* (17 Mass., 579); *Weston* v. *Barker* (12 J. R., 280); *Nelson* v. *Bligh* (1 J. Cas., 208); *Wiggin* v. *Toss* (4 N. H., 294); *City Council* v. *Lange* (1 Rep. Con. Ct., 454); cited 1 U. S. Digest, 296; *Colgrove* v. *Fillmore* (Aik., 347); *Harris* v. *Stevens* (7 N. H., 459); *Stanton* v. *Thomas* (24 Wend., 70); *Hawley* v. *Sage* (16 Conn., 52); *Wright* v. *Wright* (2 Harrington, 350); *Scott* v. *Williamson* (24 Maine, 343); *Salter* v. *Cain* (7 Ala., 478); *Honston* v. *Frazier* (8 Ala., 81); *Williams* v. *Fullerton* (20 Vt., 346); *Parker* v. *Urie* (21 Penn., 305); *Stover* v. *Zimmerman* (id., 394); *Eisenbrise* v. *Eisenbrise* (4 Watts, 134).

*John H. Reynolds*, for the respondents, cited *Schieb* v. *Baldwin* (13 Abb. Pr. R., 469); *Scott* v. *Porcher* (3 Merivale, 651); *Williams* v. *Everett* (14 East, 596); *Yates* v. *Bell* (3 Barn. & Ald., 643); *Grant* v. *Austin* (3 Price, 58); *Paige* v. *Broome* (4 Russell, 7); *Cary* v. *Curtis* (3 How. U. S., 247).

EARL, Ch. J.   The plaintiff, as sheriff, having attached the note mentioned in the complaint, became the legal holder of the same, and he had the right to take all appropriate legal proceedings at law or in equity to collect or enforce payment of the same. (Code, § 232.) In this case, he commenced an equitable action against the defendants, alleging that the defendant Bailey had placed in the hands of the other defendants a sufficient amount of money expressly to pay this note, and Bailey was properly made a party as having an interest in the fund which the plaintiff sought to reach.   The action was an appropriate one, if the allegations in the complaint could have been sustained by proof.   But the proof entirely failed, as appears from the findings of the court at Special Term, to sustain these allegations, and I can see no reason, in the evidence or in the findings, to find fault with the con-

clusion reached in this respect by the court. But it is claimed that the court erred in not giving judgment upon his default against the defendant, Bailey. As the plaintiff failed to establish his claim to the specific fund in the hands of the other defendants, no judgment could be rendered against Bailey in reference to such fund. His personal liability was solely upon the note, and the only judgment that could have been rendered against him was upon the note. While a judgment upon the note was not within the prayer for relief, it is claimed that such a judgment could have been given under section 275 of the Code, which is as follows:

" The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

Here, it is not claimed that a judgment upon the note is within the relief demanded against the defendant, Bailey. No relief whatever is demanded against him; not even costs. But it is claimed that a demurrer is an answer within the meaning of this section, and that a judgment upon the note would be " consistent with the case made by the complaint and embraced within the issue." I am against this claim in both aspects. The term " answer " as used in this section, does not include " demurrer." Answer and demurrer are distinct pleadings under the Code, having different offices and different characteristics, one forming an issue of law and the other an issue of fact; and, as generally used in statutes and law books, the term answer does not include or mean demurrer. My attention has been called to but one section in the Code where the term answer, as used, may be said to include demurrer. (Section 246.) In a very liberal sense, a demurrer is an answer to a complaint. (*Broadhead* v. *Broadhead*, 4 How., 308.) But it is so different from an answer that it can never be held to be included in the term answer unless the context or manifest purpose of the term shows that it was so intended. Here there is nothing in the context, and, so far as

I can discover, nothing in the purpose for which the term was used to show that the legislature intended to include demurrer in the term answer in this section. I can see no reason in construing this section, for departing from the ordinary course of construction, that words are to receive their plain and ordinary meaning. But I go still further and hold that a judgment upon the note would not be consistent with the case made by the complaint. It was not the object of this section to aid a plaintiff who had insufficiently stated the cause of action upon which he seeks judgment, but simply to aid him if his complaint is adequate for the judgment he asks, except his prayer for relief. In this case, the complaint states but one cause of action, and that one in equity. A suit upon the note would have been an action at law. There was nothing in the whole framework of the complaint, nor in the prayer for relief that would lead Bailey to infer that a judgment would or could be taken against him upon the note. It is entirely clear that he was made a party solely on account of his interest in the fund which plaintiff was seeking to reach. If Bailey had a defence to the note, even if it was proper to set it up in that action, there was nothing calling upon him to set it up, as the sole issue tendered by the complaint was, whether the money claimed had been specifically appropriated to pay it, and was held by the other defendants as trustees for the lawful holder of the note.

I therefore reach the conclusion upon the whole case, that the judgment must be affirmed with costs.

All the judges concurring in the result, except HUNT and SUTHERLAND, JJ., who did not vote.

Judgment affirmed.