## N. Y. COMMON PLEAS.

LAZELLE E. ALEXANDER, receiver, plaintiff, agt. WALTER KATTE, defendant.

*Parties — Prayer of complaint — Demurrer.*

In an action brought to restore notes alleged to have been canceled, in pursuance of a wrongful scheme to which defendant was not a party but of which he was cognizant, the parties to that scheme are necessary parties.

The absence of such parties may be taken advantage of by demurrer.

Where a complaint demands equitable relief and a defendant demurs to it the judgment granted could not be more favorable than that demanded, even though a cause of action at law is stated in the complaint.

*Special Term, May,* 1882.

*Nathaniel Myers,* for receiver.

*Charles B. Alexander,* for defendant.

J. F. DALY, *J.* — The allegations in the complaint are sufficient to warrant a decree for the relief demanded if the necessary parties to the controversy were before the court.

This action is brought by the receiver of the Columbia Life Insurance company (formerly the St. Louis Life Insurance Company), a Missouri corporation, to have this court declare wrongful a certain transaction had on or about November, 1875, in the state of Missouri, between one George J. Davis, a director in said company, Alfred M. Britton, the acting president of said company, and the Life Association of America, another Missouri corporation, by which the latter corporation obtained possession of the assets, business and property of the first-named company, getting possession, among other assets, of certain notes of defendant and collaterals to secure the same, which notes and collaterals were delivered through said Davis to defendant, who thereupon

surrendered to Davis the stock of said St. Louis Insurance Company which he held as a subscriber, having, in payment of his subscription therefor, given the said notes and the collaterals to said company.

The complaint prays judgment that defendant produce and bring into court said notes and collaterals and that they be declared assets of the said company and a trust fund for the payment of its creditors; that the collaterals be sold and applied to the satisfaction of defendant's indebtedness, and that plaintiff have judgment against defendant on said notes.

The complaint does not allege that defendant was a party to the wrongful transaction between the officers of the St. Louis Insurance Company and the Life Association by which merger of the companies were affected, or by which the latter corporation was enabled to get control of the former, but does allege that he had knowledge of the intention of the parties to that arrangement, and of the details of the scheme concocted between them.

That scheme, as alleged, was that the Life Association should make and deliver to Davis its draft on its treasurer, at one day's sight, for $1,111,898.34, with which Davis was to obtain all the securities held by the St. Louis Insurance Company in payment of stock it had issued; that Davis should exchange with the subscribers for said stock their notes and securities thus obtained for their stock and thus practically cancel their subscriptions and relieve them from liability as stockholders; that it was never intended by the parties to the scheme that the said draft of $1,111,898.34 should be paid, but that the same should again come into possession of the Life Association when it obtained possession of the St. Louis Company.

None of the parties to the arrangement which the court is asked to set aside is before it, and it would seem that they are not only proper but necessary parties (*Alexander* agt. *Horner*, 9 *Cent. Law Jour.*, 111). Defendant is charged with having received the benefit of the alleged wrongful scheme by the

Alexander agt. Katte.

cancellation of his subscription; he is charged with knowledge of a design to get possession of all the securities of the St. Louis Company by a pretended payment therefor with a draft of the Life Association.

Whether the transaction was fraudulent or not depends upon whether the draft was a valid consideration for the securities and could and can be enforced against the drawer. It is for the interest of defendant to have the parties to that scheme, and who made and who received the draft, joined as defendants in this action that he may have the benefit of their defense, and that any judgment as to the validity of the transaction in question may bind them.

I have looked at the complaint to ascertain if, apart from the demand for equitable relief, there is a cause of action for damages, or upon contract alleged against defendant, which would warrant a judgment against him as in an action at law. I find none. The complaint is an application for equitable relief, and as the defendant does not answer but demurs, the judgment granted could not be more favorable than that demanded in the complaint, even though averments that would be proper in setting forth a legal cause of action are embodied in the pleading (*Kelly* agt. *Downing*, 42 *N. Y.*, 71; *Code*, *sec.* 1207). Part of the relief demanded is judgment for the amount of the defendant's notes, but plaintiff must first obtain his decree as prayed for, that said notes are part of the assets of the company of which plaintiff is receiver, before judgment for the amount of said notes can be awarded.

Demurrer sustained; judgment accordingly, with costs.