Jesse W. Powers, Respondent, v. Morris Silberstein, Impleaded, etc., Appellant.

Mere indulgence by a creditor of the principal debtor will not discharge a surety. To work such a discharge there must be an agreement for an extension, made without the consent of the surety, which precludes the creditor meanwhile from enforcing the debt against the principal.

In an action against a surety, however, while the burden of proving such an extension is upon the defendant, it may, as in case of other agreements, be proved by circumstances, and the acts and conduct of the parties are admissible to interpret their language if that is, in any degree, doubtful or obscure.

*Powers* v. *Silberstein* (19 J. & S. 321) reversed.

(Argued December 15, 1887; decided January 17, 1888.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made at the January Term, 1885, which affirmed a judgment in

favor of plaintiff entered upon a verdict. (Reported below, 19 J. & S. 321.)

This action was brought upon a promissory note for $1,500, dated April 10, 1880, made by the firm of Joy & Martin and indorsed by the defendant Silberstein, who alone answered, setting up as a defense that the note was indorsed by him for the accommodation of the makers, and that the time of payment was extended by an agreement made without his consent between them and plaintiff.

The material facts are stated in the opinion.

*John Hallock Drake* for appellant. Where evidence upon the question of an agreement between parties is conflicting, the question is properly one for the jury. (*Mowry* v. *Lord,* 2 Keyes, 617; *Bagley* v. *Bowe,* 105 N. Y. 179.)

*Charles Blandy,* for respondent. There was no evidence that would warrant the jury in finding that there had been such an extension of the note as would discharge the indorser. (*Halliday* v. *Hart,* 30 N. Y. 489; *Philpot* v. *Bryant,* 4 Bing. 721; *Dorlon* v. *Christie,* 39 Barb. 610; *Howman* v. *Yates,* 37 N. Y. 604.) The court properly refused to submit the question of extension to the jury. There is such a preponderance of evidence against any such extension, that a verdict to the contrary would be set aside as against evidence. (*Herring* v. *Hoppock,* 15 N. Y. 409; *Goelet* v. *Ross,* 15 Abb. 251; *Davis* v. *N. Y. C. & H. R. R. R. Co.,* 47 N. Y. 400, 402; *Wilds* v. *Hudson R. R. R. Co.,* 24 id. 430, 433; *Cutler* v. *Morris,* 41 Hun, 575; *McCullar* v. *McKinlay,* 99 N. Y. 353, 357; *Neuendorff* v. *World Mut. L. Ins. Co.,* 69 id. 389, 393; *Browne* v. *Murdock,* 12 Abb. N. C. 360; *Bagley* v. *Bowe,* 105 N. Y. 171, 179.)

ANDREWS, J. The trial judge refused to submit to the jury the question whether there was an agreement between the plaintiff, and Joy & Bowman, the makers of the note, made after its maturity without the consent of the defendant, the accommodation indorser, to extend the time of payment. If

there was any competent evidence tending to sustain this defense, the ruling was erroneous. There are certain facts which are uncontradicted, *first*, that the consideration of the note was a loan of $1,500, made by the plaintiff to Joy & Bowman, and that it was one of the inducements upon which the loan was made, that Joy & Bowman should take into their employment the son of the plaintiff, and *second*, that the loan was in fact continued from the maturity of the note in April, 1881, to the time of the failure of Joy & Bowman, about the commencement of 1884, on the payment by the firm of the annual interest on the note, and that no demand of payment of the principal was made either of the makers or indorser until at or about the time of the failure of the firm, and that during this whole period the son of the plaintiff was continued in its employment. It is well settled that mere indulgence by a creditor of the principal debtor, will not discharge the surety. There must be an agreement for an extension made without the consent of the surety, upon a valid consideration, which precludes the creditor meanwhile from enforcing the debt against the principal, thereby changing the position of the surety. (*Lowman* v. *Yates*, 37 N. Y. 604.)

The defendant sought to establish on the trial that the plaintiff, after the maturity of the note, agreed with Joy & Bowman to forbear the collection of the debt if they would continue the plaintiff's son in their employment, and that Joy & Bowman consented and did retain him in their service upon this consideration. The burden of proving the defense was upon the defendant, but, as in the case of other agreements, it could be proved by circumstances, and the acts and conduct of the parties were admissible to interpret their language, if that was in any degree doubtful or obscure. It would be the duty of the judge to instruct the jury that the defense must be established to their satisfaction by a preponderance of evidence, but nevertheless, in case of conflict or when different inferences might be drawn from the evidence, the question on which side the evidence preponderates is for the jury exclusively, subject to the power of the court to set aside the

verdict and submit the question to a new jury. (*Bagley* v. *Bowe*, 105 N. Y. 179.) We think the question of extension was for the jury. The loan, as stated, was, in fact, continued three years after the maturity of the note. The son was continued in the employment of the makers. The witness Bowman testified that he saw the plaintiff soon after the note matured, and said to him: "It will help our business if this money is not disturbed. Frank (the son) is getting along very well and if you will let us have the money on a longer time or extension, we should like to have him remain with us," to which the plaintiff replied: "That was all right;" and on his cross-examination he testified: "I told him (the plaintiff) I should like to have the money for another year. He consented," and being asked "what were his words," answered: "He said, that is all right." The plaintiff testified in general terms that he made no agreement to extend the note, but on the contrary refused to do so. He did not deny that the employment of his son was an inducement to the original loan, nor that the subject of the continued employment was referred to in his conversations with Joy & Bowman after the note matured, nor does he assign any reason for continuing the note for three years after maturity, without calling for payment. The defendant Silberstein and his son also testified to admissions of the plaintiff tending to support the defense of the extension. But without taking their testimony into consideration, which, on another point, was obviously discredited by the jury, we are of the opinion that upon the conceded facts and the evidence of Mr. Bowman, the question whether there was an agreement for an extension should not have been withdrawn from the jury.

The judgment should, therefore, be reversed, and a new trial ordered.

All concur.

Judgment reversed.