SAMUEL S. WICKHAM, Appellant, *v.* JOSEPH L. TERHUNE, Respondent.

*Supreme Court, Third Department, General Term, December 11, 1889.*

1. *Appeal. Nonsuit.*—The party, against whom a judgment of nonsuit has been rendered, is entitled, on appeal, to the most favorable construction of the evidence.
2. *Principal and surety. Release.*—Where a principal extends the time of payment in any binding way, so as to prevent him legally from enforcing the obligation signed by the surety, with his consent or at his request, the latter is not discharged.
3. *Same.*—The burden of proof to show such extension is on the surety.

*T. A. Read,* for appellant.

*C. H. Decker,* for respondent.

PUTNAM, J.—This is an appeal from a judgment of the county court of Sullivan county, and from an order denying a motion for a new trial.

The parties were partners, and had an account against the Jenkins Flour Company for $477.50. In August, 1882, they dissolved, and plaintiff paid defendant $1,731.85, which includes one-half of the above account of Jenkins Flour Company. Plaintiff testifies that, at the time of the settlement, the Jenkins bill was discussed by the parties, and it was agreed that if plaintiff could not collect it, defendant should pay him the one-half thereof included in the check of $1,731.85. It was afterwards talked over between the parties that plaintiff should get it secured in the best way he could. His son should go to New York and get it fixed in any way he could, and this was the agreement between Terhune and plaintiff.

Plaintiff, on September 8, 1882, took a new note at six months from M. Jenkins & Co.   After this plaintiff testifies that defendant said he was satisfied with it, that is, the taking of the new note; that defendant did not wish plaintiff to sue the note; told him not to sue it.   Did not want to pay costs, and would pay plaintiff without paying any costs on it.   The plaintiff was nonsuited.

It is well settled that in passing on the propriety of a judgment of nonsuit, the party against whom the judgment is rendered is entitled to the most favorable construction of the evidence, and in considering this case we will assume the facts which the testimony of the plaintiff legitimately conduced to prove.   Ernst *v.* Hudson River Railroad Co., 35 N. Y. 25.

Now, it appears that on the settlement of the parties, plaintiff paid the defendant for one-half of an account he was not bound to, as it was uncollected, and defendant said if it remained uncollected he would pay the one-half back. That this was a valid contract will not be doubted.   It is claimed that plaintiff should put the bill in judgment and have an execution returned unsatisfied before he can collect it.   But it appears that this was not done at defendant's request.   Defendant could undoubtedly waive the obtaining of judgment if otherwise necessary, and there is proof that he did.

It is suggested that the position of defendant in regard to this note was that of a surety or guarantor, and that plaintiff, by taking a new note with security and extending the time of payment, released the surety.   It is a fact that ordinarily where a principal extends the time of payment in any binding way, so as to legally prevent him from enforcing the obligation signed by the surety, without the consent of the latter, that the surety is discharged.   Powers *v.* Silberstein, 108 N. Y. 169.

Such extensions must be without the consent of the surety. Now, assuming that the defendant was a surety for the pay-

ment of the Jenkins note, there is evidence in the case that the new note was taken with his consent. It was agreed with defendant that plaintiff or his son should go to New York and get it fixed any way they could. Plaintiff's son went down and brought back the note. Defendant said he was satisfied with it, and afterwards said he would pay plaintiff. Hence, if the case had been submitted to the jury they could have properly found on the evidence a consent of the defendant to the taking of the new note.

Again, there is no evidence that when he took the new note of M. Jenkins & Co. plaintiff made any valid agreement to extend the time of payment of the claim against the Jenkins Flour Co. The burden was on the defendant to show such extension. Powers *v.* Silberstein, 108 N. Y. 169.

The new note may have been taken merely as collateral to the old claim.

We conclude that the case should have been submitted to the jury, and hence that the judgment and order should be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and LANDON, J., concur.

NOTE ON "RELEASE OF SURETY BY EXTENSION OF TIME OF PAYMENT."

Mere indulgence by a creditor of the principal debtor will not discharge surety. Powers *v.* Silberstein, 108 N. Y. 169. There must be an agreement for an extension made without the consent of the surety, upon a valid consideration, which precludes the creditor meanwhile from enforcing the debt against the principal. Id. The burden of proving an extension is upon the surety. Id. It may be proved by the circumstances ; the acts and conduct of the parties are admissible to interpret their language, if that is in any degree doubtful or obscure. Id. In case of conflict, or when different inferences may be drawn from the evidence, the question on which side the evidence preponderates is for the jury. Id. See also, Bagley *v.* Bowe, 105 N. Y. 179.

Where a creditor, by a valid and binding agreement between himself and the principal debtor, without the consent of the sureties, extends the time of payment, the surety is thereby discharged. Lowman *v.* Yates, 37 N. Y.

601; Billington v. Wagner, 33 Id. 32; Smith v. Townsend, 25 Id. 479. The agreement must be one which can be enforced, and of such a character as will prevent the collection of the original demand, to secure which the new obligation was taken. Id. It must also have a sufficient consideration, so as to prevent the prosecution of the debt by the owner, and to prevent the surety from compelling him to enforce it. Id.

An unperformed, usurious agreement for extension of time, entered into between the creditor and the principal debtor, will not operate to discharge the surety. Thayer r. King, 31 Hun, 437.

The extension of the time of the payment of a firm note, by the acceptance of an individual note of the principal, releases the surety. Clark v. House, 61 Hun, 624.

Such individual note forms a good consideration for the extension. Id.

But an inquiry, at the time of giving a note, whether, if requested, it would be extended, does not amount to an extension. Id.

See further, Kane v. Cortesey, 100 N. Y. 132; Tuska v. Eisner, 53 Supr. 442.