### BRASSINGTON *v.* ROHRS *et al.*

*(City Court of New York, General Term.  October 24, 1892.)*

1. PLEADING—DEMURRER TO SEPARATE DEFENSES.

Under Code Civil Proc. § 494, authorizing a demurrer to "a defense consisting of new matter contained in an answer, on the ground that it is insufficient in law upon the face thereof," a part of an answer clearly intended as a separate and distinct defense may be demurred to, though the words "separate and distinct" are not used.

2. SAME—DEMURRER TO ANSWER AFTER NOTICE OF TRIAL.

A demurrer to an answer may be served, even after both parties have noticed the cause for trial.

Appeal from special term.

Action by John D. Brassington against Frederick Rohrs and others on a promissory note. From an order sustaining a demurrer, and from the interlocutory judgment entered thereon, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

*Henry Wehle,* for appellants.  *Chas. J. Hardy,* for respondent.

McCARTHY, J.  This action was brought by the plaintiff against the defendant as maker of a promissory note. The note was made payable to the

order of one Nylin, who, before maturity and for value, transferred same to the plaintiff. The defendant Rohrs answered as follows: "Defendant denies upon information and belief that the plaintiff is the holder of said note for value, but avers that defendant Nylin is still the owner thereof." "For a further defense, this defendant alleges that said note was given to said Nylin for accommodation only, and defendant never received any consideration for the same." The plaintiff and defendant immediately noticed the cause for trial, and the cause was put on the calendar for trial. The plaintiff thereafter demurred to the second defense, on the ground that it was insufficient in law. The demurrer was brought on for argument, and the counsel for appellants made a preliminary objection to the hearing of the demurrer, on the ground that the plaintiff, having already served his notice of trial, was precluded from demurring to the answer, it being too late. The preliminary objection was overruled, and the demurrer sustained, and an interloctury judgment directed, which was afterwards entered. The appellants now appeal from the order sustaining the demurrer, and directing judgment, as well as from the judgment entered.

Section 494, Code Civil Proc., is as follows: "The plaintiff may demur to a counterclaim or a defense consisting of new matter contained in the answer, on the ground that it is insufficient in law upon the face thereof." An answer and a demurrer are distinct pleadings under the Code, having different offices and different characteristics, one forming an issue of law and the other an issue of fact. *Kelly* v. *Downing*, 42 N. Y. 77. The Code fixes the time in which an answer must be served, but there is no provision limiting the time for the service of a demurrer.

This brings us to the question regarding the effects of a notice of trial. The object of the notice of trial is to give notice of an issue to be tried, and of the readiness of the party serving same for trial. Such notice, however, is subject to be defeated and rendered unavailing by the service of an amended pleading or a change in the pleading. See *Townsend* v. *Hillmann*, (City Ct. N. Y.) 9 N. Y. Supp. 629, and cases cited. Unless an amended pleading is served before the time to do so expires, the notice of trial will stand. There being no fixed time when the demurrer should be served, the same was not affected by the service of the notice of trial. The preliminary objection was properly overruled.

It is clear that the defense demurred to was intended as a separate and distinct defense. It is not necessary to use the words "separate and distinct." Any other word or words may be used which will show the intent of the pleader, and, to my mind, it is clearly shown here. It is too late now for the defendant, when caught, to attempt to claim his intent was other than appears from the pleadings. The demurrer was properly sustained, and an interlocutory judgment therein directed. The judgment was properly entered, and the order and judgment should be affirmed, with costs. All concur.