EDWIN WILCOX, Respondent, v. WILBUR H. SELLECK, as Sheriff of Oswego County, Appellant.

*Witness — credibility of testimony given by parties and their relatives.*

A jury is not bound to believe an improbable statement made by a witness, nor a statement made by one who has an interest in the question at issue.

The jury may scan, doubt and question statements made by parties in interest in a suit, as well as those made by their near relatives, who are interested in the success or failure of the action in which they are witnesses.

APPEAL by the defendant, Wilbur H. Selleck, as sheriff of Oswego county, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 22d day of January, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Oswego Circuit.

The action was in replevin to recover a threshing machine and some other personal property mentioned in the complaint. The defense was a denial of the plaintiff's ownership, and, secondly, an allegation that the sheriff, in virtue of an execution issued upon a judgment rendered in favor of Alfred B. Tuttle against Eugene R.

Wilcox, the father of the plaintiff in this action, had levied upon the property as the property of Eugene R. Wilcox, the judgment debtor. Proof was given of the judgment and of the execution and of the levy. It was agreed that the value of the property was $500, and the damages for detention were fifty dollars, and pursuant to the direction of the court the jury found "that the plaintiff was the owner and entitled to the possession of the property described in the complaint at the time the same was levied" upon by the defendant as sheriff. At the close of the evidence, when the court directed the jury to find a verdict that the title to the property was in the plaintiff, and that at the time of the commencement of the action he was entitled to the possession thereof, and that as owner he was entitled to the possession, the defendant took an exception and asked to go to the jury on the question whether the plaintiff was the owner and entitled to the possession ; the request was refused and an exception was taken. Defendant then asked to go to the jury upon all the questions of fact in the case, which request was refused and an exception was taken. Judgment was entered upon the verdict and the defendant appealed.

*William M. Ross,* for the appellant.

*S. B. Mead,* for the respondent.

HARDIN, P. J.:

A careful perusal of the evidence leads to the conclusion that there was some evidence given upon the trial which, if accredited by the jury, would have warranted a verdict in favor of the defendant. Several witnesses were called who gave testimony which, if accepted entirely as given, would warrant us in sustaining the verdict as directed. The plaintiff and his father were so situated with reference to the controversy that the jury would have been authorized to disbelieve their testimony in part or in whole.

We think the question of their credibility was for the jury, and that a case was presented which ought to have been submitted to the jury as to whether the ownership of the property at the time of the levy by the sheriff on the execution against Eugene R. Wilcox was in Eugene R. Wilcox, or whether it was in the plaintiff. (*Elwood* v. *Western Union Tel. Co.,* 45 N. Y. 549 ; *Longyear* v. *The U. S. Life Ins. Co.,* 20 Wkly. Dig. 165 ; *Michigan Carbon Works* v. *Schad,*

38 Hun, 71; *Dean* v. *Van Nostrand*, 23 Wkly. Dig. 97; *Roseberry* v. *Nixon*, 58 Hun, 121; *Quock Ting* v. *United States*, 140 U. S. 422; *Goldsmith* v. *Coverly*, 56 N. Y. St. Repr. 859.) The rule seems to be quite well settled that a jury is not bound to believe an improbable statement made by a witness or a statement made by a witness who has an interest in the question at issue, and that juries are at l.berty to scan, doubt and question statements made by parties in interest in a suit, as well as their near relatives, who are interested in the success or defeat of the action in which they are called upon to testify.

Evidence was given by the witness Stephenson and the witness Blake, who testified to a conversation in the presence of the plaintiff which, to a considerable extent, tended to support the theory of the defendant that, at the time of the levy Eugene R. Wilcox had an interest in the property levied upon. We think the judge at the trial committed an error in refusing to submit the question of fact to the jury. (*Powers* v. *Silverstein*, 108 N. Y. 169; *McCann* v. *Sixth Ave. R. R. Co.*, 117 id. 505.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

MERWIN and PARKER, JJ., concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.