## SLATTERY et al. v. HASKIN.

(Supreme Court, Appellate Division, Fourth Department.   March, 1896.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.
    A finding on conflicting evidence will not be disturbed.

Appeal from judgment on report of referee.

Action by William T. Slattery and another against Samuel E. Haskin. From a judgment entered in Steuben county for plaintiffs for $171.13 and interest from July 1, 1885, with costs, defendant appeals. Affirmed.

The action was commenced in justice court the 23d of May, 1885, in the town of Avoca, where a judgment was rendered by the justice on July 3, 1885, in favor of the plaintiffs, for $171.13 damages. In the complaint it was alleged that the plaintiffs were copartners doing business at Wallace, in the aforesaid town, and that the defendant was indebted to them for goods, wares, and merchandise sold and delivered by them to the defendant, his family, hands, servants, and agents, of the value and agreed price of $195, for which defendant promised to and agreed to pay the plaintiffs. The answer

consisted of a general denial, "and claims an offset to the amount of $400 against any demand of the plaintiffs." Defendant appealed to the county court of Steuben county for a new trial, whereupon the action was referred to C. F. Kingsley, Esq., to hear and determine, and upon his report judgment was entered, from which the appeal is taken. Exceptions were taken to the referee's findings and to certain refusals to find. The appeal was taken from the judgment of the county court on December 10, 1887. From the evidence it appears that the parties had some dealings prior to April, 1882, and on the 24th of April, 1882, they settled their accounts leaving no balance due to either party. It was claimed at the trial that an agreement was entered into to the effect that the plaintiffs should sell and deliver to the defendant goods at 12 per cent. above what the same cost plaintiffs, and that defendant should pay therefor in checks to be delivered to plaintiffs by defendant's wife, and plaintiffs should credit all checks so received by them, and charge the defendant for all goods sold and money paid to him or his wife in a book to be kept by the plaintiffs for that purpose. The principal matters in controversy arose between April 24, 1882, and April 24, 1883.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Irving Paine, for appellant.
John F. Little, for respondents.

HARDIN, P. J. From the evidence it appears that the plaintiffs were copartners doing business as merchants at Wallace, in the town of Avoca, Steuben county, in 1882 and 1883, and that they sold goods and merchandise to the defendant, most of which were received by his wife and family; that in the course of the dealings a pass book was used, prepared by the plaintiffs, and delivered to the defendant or his wife; and that in 1882 the pass book was produced, and a settlement had between the parties, and it was found there was no balance due from one to the other. Thereafter the defendant continued to trade at the plaintiffs' store, and the account which is the subject of this action accrued; and while the account was thus accruing it seems the defendant or his wife was accustomed to take checks to the plaintiffs' store, and have some of them credited upon the account and some of them cashed. Thereafter a controversy arose over the checks cashed by the plaintiffs, and as to the amount of cash received to apply on the account of the plaintiffs. There is a conflict in the evidence between the plaintiffs' witnesses and the defendant's witnesses as to the checks of the defendant which he indorsed to his wife; the wife insisting that there had not been credited upon the account all moneys which she had paid to, or intended to pay to, the plaintiffs upon the account. It was for the referee to determine what credit should be given to the defendant's wife, after considering all the circumstances surrounding her, and her testimony upon the vital question of fact involved in the case. Elwood v. Telegraph Co., 45 N. Y. 549; Roosa v. Smith, 17 Hun, 138; Wilcox v. Selleck, 92 Hun, 38, 36 N. Y. Supp. 633. The referee seems to have resolved the principal features as to the conflict arising upon the evidence before him in favor of the plaintiffs. We ought not to disturb his finding upon the conflict in the evidence. The referee has written a sensible opinion, showing the manner in which he dealt with the evidence before him. The appellant does not point out any

error requiring an interference with the conclusions stated in the referee's report.   Nor do the exceptions taken during the progress of the trial require us to interfere with the decision made by the referee. The judgment must, therefore, be affirmed.

Judgment affirmed, with costs.   All concur.