## STRONG *against* STEBBINS.

An    action will not lie for the    penalty given    by    the 14th section of the    statute concerning dis-tresses,    rents, and the renew-al of leases, (1 R. L. 437, 8,) for the    remo-val or conceal-ment of goods not    the    prop-erty of the ten-ant,        though they be liable to distress.

The act con-templates physical aid or assistance, di-rectly or indi-rectly, in the removal, or concealment of the        goods. Merely advi-sing their re-moval will not subject to its penalty.

Nor will the removal    or concealment, of a part of the goods, sub-ject to the pe-nalty of remo-ving or con-cealing the whole.

DEBT to recover the penalty given by the 14th section of the act *concerning distresses, rents, and the renewal of leases*, (1 R. L. 437, 8,) for wilfully and knowingly aiding, or assisting the tenant, in the fraudulent conveying and carrying away goods and chattels, and in keeping and de-taining them, off and from certain premises, demised by the plaintiff to one Ambrose.

The cause was tried at the Monroe circuit, September 27th, 1824, before ROCHESTER, C. Judge.

The main question upon the trial was, whether the acts of the defendant were such as brought him within that sec-tion of the statute upon which the action was founded.

As to this, the tenant, who was called as a witness by the plaintiff, testified, that the amount of property removed was about $120; that it consisted of household furniture; that it was removed, to avoid a distress, and for the joint benefit of himself and the defendant, who had a judgment against him.   That the goods were removed in the night; and the defendant advised that they should be placed in such a situation that his brother Eber, who had receipted the property to the sheriff upon the defendant's execution on his judgment, might get it; and that it might be applied on the defendant's judgment.   That about two dollars worth of the property was taken to the defendants; and it was agreed by the defendant that his clerk or brother

A penal statute is not to be enlarged by construction.

A tenant being in possession of goods, the intendment of law is, that he is the owner; and the *onus* of proving the contrary, lies upon him who has removed them, to avoid a dis-tress.

might be called up in the night to receive property brought there. A part of the property was removed to the house of one Lamb, who afterwards purchased it for $20; and gave his note to the defendant for that amount. The defendant had notice that the rent was due.

The defendant's counsel moved for a nonsuit, on the ground that the defendant merely *advised*, without aiding or assisting in the removal; but the Judge overruled the motion, on the ground that the advising of a removal, and and actual removal pursuant to such advice, with a view to have the goods applied on the defendant's judgment, was *aiding* and *assisting* within the meaning of the statute; and he charged the jury accordingly, who found for the plaintiff, $240.

In the course of the trial, the defendant's counsel objected, that it did not appear that the goods removed were the property of the tenant; but the Judge decided that this made no difference; that it was enough if they were distrainable.

A motion was now made for a new trial.

*J. H. Gregory*, for the defendant.

*R. Beach*, contra.

*Curia*, per SUTHERLAND, J. The evidence clearly establishes that the defendant instigated and advised the removal, knowing that rent was due; and with a view to put the goods beyond the reach of the landlord. But there is no proof that he aided or assisted in the removal, in any other way than by receiving two dollars worth of the property ; and agreeing that his clerk, or brother, might be called up at night, to receive any of the property that might be brought to his house. There is no evidence, however, that any was brought there, and received pursuant this arrangement, or in any other way, except the trifling amount already mentioned.

The Judge was clearly wrong in the opinion that the tenant need not own the goods. The statute, upon which

the action was brought, is *express* upon this point.   Bu
the error is not material.   The tenant being in possession,
the presumption of law is, that he was the owner; and
there was nothing to show that they did not belong to him.
If the action had been against the tenant, the *onus* would
have lain on him, to show that they were not his goods;
and so of the present defendant.

I am also inclined to think, that the Judge erred in the
opinion expressed by him upon the other point relative to
the defendant's agency in the affair.

This is a penal action.   The statute giving it, is not to
be enlarged by construction.   It appears to me to contem-
plate *physical aid, or assistance* in some way, either di-
rectly or indirectly, in removing, or concealing the goods.
If the defendant's servants by his direction, or with his
knowledge and assent, had assisted, that would have ren-
dered the defendant liable; or if the goods had been re-
moved to his house, and received and concealed by him,
he knowing the object and circumstances of the removal,
that would have brought him within the act.   It provides
that every person, so offending, shall forfeit and pay to the
landlord, &c. from whose estate such goods, &c. were so
carried off, &c. double the value of the goods by him car-
ried off, or concealed as aforesaid.   If the evidence is to be
considered as establishing the fact that the defendant re-
ceived and concealed two dollars worth of the goods, that
would not make him liable for the whole.

I do not think the mere advising the removal of the
goods is sufficient to subject a party to the penalty given
by the statute.   The Judge, therefore, in my opinion, err-
ed in his charge to the jury; and a new trial must be
granted, with costs to abide the event.

                                        New trial granted.