## SUPREME COURT.

### PEOPLE *ex rel.* JAMES ROGERS agt. THE COUNTY JUDGE OF CLINTON COUNTY.

*Ministerial* officers, and *corporations,* may be required by writ of *mandamus* to act in a particular manner, or even to reverse what they have already done; but the rule is otherwise in relation to courts of justice, and other bodies acting *judicially* upon matters within their cognizance.

This court, by mandamus, can require the latter tribunals to proceed to judgment, but it cannot dictate what particular judgment they shall render.

Where an order for an *amended return* from a justices' court is granted at the first term of the county court, after the filing of the original, it is improper to place the appeal upon the calendar of the county court, until the return of the justice's court has been perfected by the filing of the amended return.

Where the county court, before the filing of the amended return, dismisses the appeal under and by the mandate of § 364 of the Code, it acts *ministerially,* and the dismissal is a *nullity;* and a mandamus may issue in like manner as if the appeal had not been dismissed, requiring the county court to proceed to judgment.

*Clinton Special Term, Oct., 1856.*

MOTION for a mandamus to the county judge, &c., commanding him to allow an appeal to be placed on the calendar, &c., and to hear the argument thereof, and to give judgment thereon, &c.

The justice's return to the appeal was filed on the 10th July, 1855, and the appeal was noticed for argument by the appellant

for the fourth Monday of August, 1855. On the 27th August, 1855, the appellee obtained an order that the justice make and file an amended return. The argument of the appeal was postponed at the request of the appellee from time to time, and until the fourth Monday of August, 1856, in consequence of the omission of the justice to file his amended return. The county judge, in the absence and without the knowledge of the parties, acting under the 364th section of the Code, dismissed the appeal on the fourth Tuesday of June, 1856, and before the amended return was filed.

LEMUEL STETSON, *for motion.*
GEO. M. BECKWITH, *opposed.*

PAIGE, Justice. It is now the settled doctrine of this court, that a mandamus will not lie to an inferior court for the correction of judicial errors. All that this court, in the exercise of its supervisory powers over subordinate judicial tribunals, can do is to require them, by mandamus, to proceed to judgment; but it cannot dictate what particular judgment they shall render. Although ministerial officers and corporations may be required, by this writ, to act in a particular manner, or even to reverse what they have already done; the rule is otherwise in relation to courts of justice, and other bodies, acting judicially upon matters within their cognizance. (20 *Wend.* 658, 659 and 660; 2 *Denio,* 191; 1 *id.* 679; 18 *Wend.* 79.)

In this case, the only question is, whether the dismissal of the appeal by the county judge was a matter within his judicial cognizance, and whether it was a judicial error? If the county judge acted ministerially, or if he had no power under § 364 of the Code to dismiss the appeal, and therefore the matter of the dismissal was not within his judicial cognizance, and for that reason a nullity, a mandamus may issue commanding him to proceed to hear and decide the appeal. Such a mandamus would not violate the principle of the cases cited, as it will only require the county court to proceed to judgment, and will not dictate what particular judgment shall be given.

Section 364 provides that if a return be made, &c., the appeal shall be placed on the calendar, and continue thereon without further notice, &c.; but if neither party bring it to a hearing before the end of the second term, the *court shall dismiss the appeal,* unless it continue the same by special order for cause shown.

With some hesitation, I have come to the conclusion that the appeal was improperly placed upon the calendar of the court, before the return was perfected by the filing of the amended return. The order for the amended return was granted at the first term after the filing of the original return, and such order remained in force unrescinded until the dismissal of the appeal.

If the appeal was improperly placed upon the calendar before the return was perfected by the filing of an amended return, the county court had no power to dismiss the appeal; and the dismissal was a mere nullity. And it may be said, inasmuch as no motion was made by the appellee to dismiss the appeal, and as no cause was shown, or attempted to be shown by the appellant for the continuance of the appeal, and as no question was presented to the court by either party for its deliberation, the action of the court having been taken in the absence, and without the knowledge of the parties, and in obedience to the peremptory mandate of the 364th section of the Code, that the court, in dismissing the appeal, did not act judicially, but ministerially merely.

The 364th section declares, in the case stated, that "the court *shall* dismiss the appeal," &c. In doing this act under this mandate, in the absence of the parties, and where no motion is made by either party, and no question submitted by either to the court, the court is the mere instrument of the law. It does not deliberate, it exercises no discretion, it does what it is commanded to do, and precisely as a ministerial officer acts in the discharge of his official duty.

If, therefore, the county court acted ministerially in dismissing the appeal; or if the dismissal of the appeal was not within its judicial cognizance, and void, it may be regarded as a nullity, and a mandamus may issue in like manner as if the appeal

had not been dismissed, requiring the county court to proceed to judgment.

It had doubtless escaped the recollection of the county judge, when he dismissed the appeal, that an order had been made requiring the justice to file an amended return, and that the same had not been filed.

A mandamus must issue as asked for.