STEPHEN E. McNALL AND OTHERS, AS THE BOARD OF HEALTH OF THE TOWN OF FRANKLINVILLE, APPELLANTS, v. JOHN W. KALES, RESPONDENT.

*Boards of health — a penalty under chapter 270, Laws of 1885, must be fixed at a definite sum — its amount cannot be established upon the trial of an action brought to recover it.*

The board of health of a town is, by chapter 270 of the Laws of 1885, authorized to make orders or regulations necessary for the preservation of life and health; to impose penalties for their violation and to maintain actions to recover such penalties.

The Board of Health of the town of Franklinville made a regulation, in terms which were a mere repetition of the statute, as follows: " The local board of health will enforce compliance and inflict a penalty not exceeding a hundred dollars ($100.00) for non-compliance with or violation of its lawful regulations and orders."

In an action brought, not upon the statute, but upon this regulation, for a failure by a physician to report a case of diphtheria,

*Held*, that as no definite penalty was fixed by the resolution, none could be recovered.

That the board alone had power, under the statute, to fix the amount of the penalty, and not having done so, it could not recover upon a trial such a sum of money as it should show ought to be paid under the circumstances.

APPEAL by the plaintiffs, Stephen E. McNall and others, as the Board of Health of the Town of Franklinville, from a judgment of nonsuit, entered in the office of the clerk of the county of Cattaraugus on the 11th day of March, 1891, after a trial at the Cattaraugus Circuit before the court and a jury.

*A. & G. E. Spring*, for the appellants.

*Bolles & Waring*, for the respondent.

MACOMBER, J :

The plaintiffs, as the Board of Health of the Town of Franklinville, bring this action to recover a penalty of the defendant, who was a practicing physician in that town, for omitting to report to the board of health a case of diphtheria, as required by the town board of health. The answer puts in issue all of the allegations of the complaint. After hearing such evidence as was offered and received, the court at the trial, on motion of the defendant's counsel, granted a nonsuit, holding, as we gather from the report of his oral remarks at the hear-

ing, that there was not competent evidence of the fact of an adoption by the plaintiffs, as the board of health, of any regulations affecting the preservation of health and the registration of vital statistics; and, secondly, that the board of health had failed to exercise the power conferred upon it by statute to impose a penalty in their regulations for the offense alleged to be committed by the defendant.

There is attached to the case (Exhibit A), a paper purporting to be an account of the organization of the local board of health of the town of Franklinville, but which, in reality, seems to be nothing further than a statement of the things enacted by chapter 270 of the Laws of 1885. Among the duties imposed upon the board of health of towns by this statute was the making from time to time and the publication of orders and regulations which the boards should think necessary and proper for the preservation of life and health, and the successful operation of the statute, (§ 3, sub. 6, and id., sub. 9) : "To impose penalties for the violation of, or non-compliance with, their orders and regulations, and to maintain actions in any court of competent jurisdiction to collect such penalties, not exceeding $100 in any one case, or to restrain by injunction such violations, or otherwise to enforce such orders and regulations."

The only penalty imposed by any supposed order or regulation made by the board of health appears in Exhibit A, as follows : "The local board of health will enforce compliance and inflict a penalty not exceeding a hundred dollars ($100) for non-compliance with, or violation of its lawful regulations and orders."

This action, it must be borne in mind, was not brought upon the statute, but upon an alleged order or regulation alleged to have been made by the board of health, in pursuance of the powers conferred upon it by the statute. It will be seen, that the supposed order or regulation, which, it is now claimed in behalf of the plaintiffs, was an imposition of a penalty for the violation of the law committed by the defendant, was not the exercise of the power given to the board by the statute, but is a mere repetition of the language of the statute itself. It would be impossible for the board of health, under this statute, to bring an action for the penalty imposed by one of their regulations, so long as the amount of the penalty is left undetermined and indefinite through non-action of the board. It is to the board acting as a unit that the power is

given to make a regulation imposing a definite and determinate penalty, and then the further power is conferred to recover, by action at law, such penalty. The board alone, as a body, outside of the courts, is clothed with power to fix the amount within the limitation of the statute, as a penalty which any person shall be required to pay for violation of the ordinance or regulation. The case presented to us, therefore, is as though the members of the board of health had brought an action to recover a sum of money which, upon the trial of the action, they should show ought to be paid to it under the circumstances. But there is no authority given by the statute to permit the plaintiffs, after an action has been brought by them, thus to determine the amount of the penalty. The theory of the statute is, that the board of health should fix, applicable to all persons, a definite penalty for violation of its regulations; and on proof of the violation thereof the recovery would be for the exact amount of money thus provided for, and not for a sum to be established by proof upon the trial.

Upon the ground, therefore, that the plaintiffs had not, before this action was brought, passed any resolution or made any regulation imposing a definite penalty for a violation of its rules, we think the judgment appealed from should be affirmed.

DWIGHT, P. J., and LEWIS, J. concurred.

Judgment appealed from affirmed.