THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM MURRAY, Appellant, *v.* GUSTAV LINDENTHAL, Commissioner of Bridges of the City of New York, and WILLIS L. OGDEN and Others, Municipal Civil Service Commissioners of the City of New York, Respondents.

*Mandamus — the existence of a remedy by action makes its granting discretionary.*

While there is no inflexible rule that the mere existence of a remedy by action will defeat an application for a writ of mandamus, yet where such a remedy exists the application for a mandamus is addressed to the sound discretion of the court.

APPEAL by the relator, William Murray, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 20th day of May, 1902, denying the relator's motion for a peremptory writ of mandamus.

*S. E. Fairfield* and *C. P. Dillon,* for the appellant.

*James McKeen* [ *Walter S. Brewster* with him on the brief], for the respondents.

JENKS, J. :

The relator moved for the issue of a writ of peremptory mandamus that the defendants prepare the payrolls of the relator at a certain salary. He deposed that he was appointed a bridgekeeper in 1898 at a certain salary, which was increased in 1900, and afterwards reduced. He contended that the reduction was illegal. The respondents answered that the relator was appointed to the temporary position of bridgekeeper pending the preparation of the appropriate eligible list; that a bridgekeeper was subject to competitive civil service examiniation, but a bridgetender was subject to physical examination only; that relator was examined only for the latter position, permanently appointed to that position only, and that he has been paid its salary. The relator by these proceedings sought to recover a sum which in amount is the difference between the salaries of bridgekeeper and bridgetender. The Special Term, Mr. Justice WILMOT M. SMITH presiding, denied the motion upon

the grounds of laches and that there was remedy by action.   While there is no fast rule that the mere existence of a remedy by action defeats an application for a mandamus, yet where such remedy exists the application for mandamus is addressed to the sound discretion of the court.   (*People ex rel. Beck* v. *Coler*, 34 App. Div. 167 ; *People ex rel. Treat* v. *Coler*, 56 id. 459 ; affd., 166 N. Y. 144.) Without  expression of opinion on the merits of his claim, I am clear that the relator has a remedy by action, and that the denial of the application was within the  sound  discretion  of  the  Special Term.   The order should, therefore, be affirmed, with ten dollars costs and disbursements of the appeal.

All concurred.

Order affirmed, with ten dollars costs and disbursements.

# Cases

# THIRD DEPARTMENT

IN THE

## APPELLATE DIVISION,