(128 App. Div. 69.)

PEOPLE ex rel. BURNS v. PAINTER, Town Supervisor, et al.

(Supreme Court, Appellate Division, Second Department. October 9, 1908.)

1. HEALTH — AUTHORITY OF HEALTH OFFICER — HEALTH BOARD—RESOLUTION— CONSTRUCTION.

A resolution of a local health board, authorizing the health officer to take measures to abate nuisances in and about certain ponds, and that the board's counsel furnish such officer with legal aid to suppress and abate such nuisances, was not a determination that there were any nuisances to be abated, and was of no legal effect.

2. SAME — NUISANCES ON PRIVATE PROPERTY — ABATEMENT — RESOLUTIONS— TOWN'S LIABILITY.

A resolution by a local health board that the present condition of the ponds at Glen Cove were declared to be public nuisances, and authorizing the health officer to take necessary steps to abate the same, was ineffective to authorize the health officer to proceed to abate nuisances, consisting of such ponds, located entirely on private property, the owners of which had not been notified to abate the same, as required by Public Health Law (Laws 1893, pp. 1502, 1507, c. 661) §§ 21, 27, and therefore could not entitle the health officer to reimbursement from the town for labor and material expended in the improvement of such private ponds.

Certiorari by the people, on the relation of David E. Burns, against C. Chester Painter and others, constituting the town board of Oyster Bay, to review respondents' action in refusing to audit relator's claim against the town in full. Writ dismissed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

John J. Graham, for relator.

George B. Stoddart, for respondents.

WOODWARD, J. The relator seeks by a writ of certiorari to review and reverse the determination of the town board of audit of the town of Oyster Bay, made upon an audit of a claim presented by him against the town for services rendered in connection with the abatement of a nuisance. It appears that certain ponds in the town of Oyster Bay were in an unsanitary condition in 1907, and that on the 27th day of April in that year the local board of health adopted a resolution to the effect that:

"The health officer be authorized and empowered to take all necessary measures to suppress and abate nuisances in, upon, and about the ponds at Glen Cove and to take all necessary legal measures to that end; and that the counsel to the board furnish the health officer with all necessary legal aid to suppress and abate said nuisances."

Clearly here was no determination that there were nuisances to be abated, and this resolution was of no legal effect, so far as any matter relating to the present review is concerned. On the 11th day of May, 1907, the counsel of said board was instructed to notify tenants occupying property bordering upon the Glen Cove ponds to cease draining sewage from cesspools and privies into said ponds within 10 days, and in default thereof the said counsel was instructed to proceed on behalf of said board to cause the nuisances created thereby to be abated in the manner prescribed by law. Nothing ap-

pears to have been done under this instruction, and on the 10th of July, 1907, it being reported that there was an epidemic of malarial fever at Glen Cove, the following resolution was adopted:

"Resolved, that the present condition of the ponds at Glen Cove are a menace to the public health, and are hereby declared to be public nuisances, and that the health officer be, and he hereby is, authorized and empowered to take all necessary means to suppress and abate the same."

Acting under the authority of this resolution, the health officer employed the relator to do such work and furnish such materials as should be necessary, and it is not disputed that the relator furnished the materials and performed the labor to the satisfaction of the health officer. The relator presented a bill to the town board for audit, amounting to $3,498.25, this sum including work and materials furnished by the relator in making changes and improvements upon two ponds, which belonged to a private corporation, which does not appear to have had any notice, such as is required by sections 21 and 27 of the public health law (Laws 1893, pp. 1502, 1507, c. 661) to impose the burden upon such corporation. The town board of audit allowed the claim of the relator for $623—this sum, it being estimated, having been legitimately expended upon the two ponds alleged to be the property of the township, and to which it is claimed the resolution of July 10th related—and rejected the balance of the claim. The relator claims that the resolution authorized the work as to all the ponds at Glen Cove, including those on private property, and that, having performed the work to the satisfaction of the health officer and to the benefit of the town, he is entitled to have the full amount of his claim audited.

A reading of the statute, in harmony with well-established principles of law, convinces us that the relator has no ground for complaint. The resolution of July 10th, passed without notice to any one, so far as appears, could have no binding effect on any ponds belonging to private individuals or corporations at Glen Cove. The statute clearly provides for giving notice to owners and occupants, and provides that if there is a failure on the part of such parties to abate any nuisance the same may be abated by the public authorities, the owner or occupier of the premises to be charged with the payment of the expenses (sections 21, 27), which clearly precludes the idea that the board of health may declare the premises a nuisance without notice and impose the burden upon the community. The town of Oyster Bay has long claimed title to two of these ponds. The entire proceeding of the board of health, in so far as it indicates anything definite, points to the conclusion that it was dealing with the ponds which were claimed to belong to the township, and as to which it probably had authority to deal without notice. It certainly had no authority for declaring a nuisance upon private property without notice, and, as there could be no authority for abating a nuisance not legally established, there could be no authority in the general resolution of July 10th, in relation to "the ponds at Glen Cove," for intruding upon private property, and making improvements aggregating nearly $2,000, and imposing this burden upon the community. If the

private corporation owning the premises where this important work was done was maintaining a nuisance, it was its duty to abate the same, and upon being legally notified, and upon proper proceedings being taken, this duty could be enforced without expense to the public. The board of health having failed to take these steps, there is no way in which the cost of the work can be placed where it belongs—assuming that the corporation's ponds did, in fact, constitute a nuisance—and the relator could not gain any rights by doing the work under the direction of the health officer, for he was bound to know the limitations upon the authority of that officer. He was conclusively presumed to know the law, and the law clearly did not authorize the doing of work upon private property for the abatement of a nuisance without conforming to the provisions of the statute and giving the party notice and an opportunity to be heard and to abate the nuisance.

The determination of the town board should be affirmed, and the writ of certiorari dismissed, with costs. All concur.