(158 App. Div. 793.)

## VILLAGE OF CARTHAGE v. COLLIGAN.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1913.)

1. HEALTH (§ 10*)—ORDERS OF BOARDS OF HEALTH—REQUISITES AND SUFFI-
CIENCY.

Laws 1909, c. 49 (Consol. Laws 1909, c. 45) § 21, provides that local
boards of health may make and publish, from time to time, all orders and
regulations deemed necessary and proper for the preservation of life and
health, and that they may make, without publication thereof, such orders
and regulations for the suppression of nuisances, and concerning all other
matters in its judgment detrimental to the public health in special or in-
dividual cases, not of general application, and serve copies thereof upon
the owner or occupant of any premises whereon such nuisances or other
matters exist, and that they may prescribe and impose penalties for the
violation of, or failure to comply with, any of its orders or regulations,
not exceeding $100 for a single violation, to be sued for by the municipal-
ity. A village board of health, as shown by its records, decided to notify
defendant that he must not pump his cesspool out on the ground, and
that the village attorney draw up such notice. A notice was drawn up
and served, signed by the health officer of the village, and reciting that it
was by order of the board of health, forbidding defendant to pump or other-
wise empty the contents of the cesspool upon the surface of the ground.
*Held*, that there was no such formal order or regulation by the board as
is contemplated by the statute.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 8; Dec. Dig. § 10.*]

2. HEALTH (§ 10*)—BOARDS OF HEALTH—ABATEMENT OF NUISANCES—NOTICE.

Such notice was not such a notice as is contemplated by the statute, as
it contained no copy of any order made by the board of health.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 8; Dec. Dig. § 10.*]

3. HEALTH (§ 6*)—BOARDS OF HEALTH—AUTHORITY.

A village board of health is purely a creature of the statute, having
only such limited powers as are delegated to it by the Legislature, and
such incidental powers as will enable it to effect the purposes for which
it was created; and, when seeking to impose penalties and collect them,
it must strictly comply with every statutory preliminary leading up to
the collection thereof.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 5; Dec. Dig. § 6.*]

4. HEALTH (§ 10*)—ORDERS OF BOARDS OF HEALTH—REQUISITES AND SUFFI-
CIENCY.

Under Laws 1909, c. 49 (Consol. Laws 1909, c. 45) § 21, authorizing local
boards of health to make such orders and regulations as they may deem
necessary and proper for the preservation of life and health, and to pre-
scribe and impose penalties for the violation of, or failure to comply
with, any of its orders or regulations, an order which prescribed no pen-
alty for violations thereof was a nullity.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 8; Dec. Dig. § 10.*]

5. HEALTH (§ 10*)—ORDERS OF BOARDS OF HEALTH.

Under Laws 1909, c. 49 (Consol. Laws 1909, c. 45) § 21, providing that
every local board of health shall make and publish such orders and regu-
lations as it may deem necessary and proper for the preservation of life
and health, and that it shall make such orders and regulations for the
suppression of nuisances, and concerning all other matters in its judg-
ment detrimental to the public health in special or individual cases, not
of general application, and serve copies thereof upon the owner or oc-
cupant of any premises whereon such nuisances or other matters exist,
and that it may prescribe and impose penalties for violations of, or fail-
ure to comply with, its orders or regulations, not exceeding $100 for a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

single violation or failure, where an order in a special case not of general application prescribed no penalty for its violation, the board could not, after a violation thereof, prescribe the penalty therefor, since the property owner was entitled to be served with a copy of the order, and thus be apprised of its provisions and the penalty imposed, and the prescribing of a penalty after the violation was ex post facto and void.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 8; Dec. Dig. § 10.*]

Kruse, P. J., dissenting.

Appeal from Trial Term, Jefferson County.

Action by the Village of Carthage against Edward W. Colligan. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and judgment directed for defendant.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Porter & Porter, of Carthage, for appellant.
A. E. Kilby, of Carthage, for respondent.

MERRELL, J. This action was brought by the plaintiff, village of Carthage, to recover of the defendant, a resident of said village, the sum of $50 penalty, which it is claimed defendant incurred through a violation of an order, which plaintiff claims was duly made by plaintiff's local board of health, forbidding defendant from emptying a cesspool upon his premises in said village, thereby creating a public nuisance and endangering the public health. The plaintiff is a municipal corporation, duly organized, and it would appear that its local board of health was a duly constituted municipal body possessing such powers as are delegated to it by the Legislature.

The pertinent facts upon which plaintiff bases its action against defendant are as follows: The defendant, at the times mentioned in the complaint, was the owner of three tenement houses in the village of Carthage, situate upon North Washington street in said village. Upon said premises, for the purpose of receiving the drainage from said tenement houses, defendant had constructed a cesspool. As the cesspool became filled, in accordance with a custom which would seem to have been in vogue, it was pumped out, and its contents discharged upon the surface of the ground. This cesspool of defendant had been thus emptied in December before the complaint upon which the health board acted was made. In May, 1910, defendant's cesspool again filled and overflowed. The local board of health visited the cesspool, and thereupon defendant's attention was called to the unsanitary condition of the same. On May 31, 1910, immediately following such investigations, the local board of health took formal action in the matter, and, as insisted by plaintiff, so acted as to lay the foundation for the present action to penalize defendant. The chief issue on this appeal is as to whether the action taken in the premises by said board of health was regular and sufficient, and in conformity with the requirements of the statute in relation thereto. At this point a reference to the statute defining the duties and powers of local boards of health and prescribing their course of procedure, will best enable us to discuss the questions

raised upon this appeal, and to discover, by applying the action actually taken by this board of health to the statutory requirements, with what degree it conformed therewith.

[1, 2] The statute in question is chapter 49 of the Laws of 1909, art. 3 (Consol. Laws 1909, c. 45). Section 21 defines the general powers and duties of local boards of health, and so far as is important to the questions under consideration, reads as follows:

"Every such local board shall make and publish from time to time all such orders and regulations as they may deem necessary and proper for the preservation of life and health, and the execution and enforcement of this chapter in the municipality. It shall make without publication thereof, such orders and regulations for the suppression of nuisances, and concerning all other matters in its judgment detrimental to the public health in special or individual cases, not of general application and serve copies thereof upon the owner or occupant of any premises whereon such nuisances or other matters exist, or upon which may exist the cause of other nuisances to other premises, or cause the same to be conspicuously posted thereon."

It is not claimed by the respondent that there was made or published any order of general application which would control defendant in the use of his cesspool; it being the contention that its board of health by the action taken conformed to that part of the statute relating to "special or individual cases, not of general application."

Following the portion of the statute above quoted the section proceeds to prescribe such procedure as the local health board may take to carry into effect its orders and regulations. It may issue subpœnas and compel the attendance of witnesses, administer oaths, and for those purposes is clothed with the same powers as a justice of the peace of the state in a civil action. It may issue warrants, and provision is made for the execution thereof. As to penalties the statute provides as follows:

"Every such local board may prescribe and impose penalties for the violation of or failure to comply with any of its orders or regulations, not exceeding one hundred dollars for a single violation or failure, to be sued for and recovered by it in the name and for the benefit of the municipality; and may maintain actions in any court of competent jurisdiction to restrain by injunction such violations, or otherwise to enforce such orders and regulations."

The appellant attacks the preliminary action of plaintiff's board of health in several particulars, the most vital of which seem to me to be: (1) That the board failed to take any formal action by which it can claim to have made any order or regulation for the suppression of the alleged nuisance, as required by statute; (2) that no copy of any such order was ever served upon the defendant, nor did it cause the same to be conspicuously posted on the premises; (3) that at the time the board of health essayed to take action it prescribed no penalty for a violation of its order; and (4) that its action in prescribing and imposing a penalty of $50 after the alleged violation was unauthorized, and an ex post facto act on its part without validity.

Now, returning to the narrative of the events as they occurred, let us see just what defendant's board of health did. On said 31st day of May, 1910, a meeting of the board was held, and its action in the premises is best shown by quoting such portion of the minutes of that meet-

ing as relate to the matter under consideration. The minutes, as read into the record, contain the following:

"Complaint was made to the board that a cesspool situated on the property of E. W. Colligan on North Washington street had been pumped out on the ground and that a quantity of solid matter was left exposed on the ground nearby, and that the water was allowed to drain down upon the surface of the ground and finally find an outlet down on Fulton street. The matter was discussed at length and on motion it was decided to notify Mr. Colligan that he must not again pump his cesspool over on the ground, and further, that he must abate the nuisance and that the village attorney draw up such notice."

The above is the entire proceeding had by the board, and furnishes the only evidence of the making of an order or regulation in the premises by the plaintiff's board of health. Can we say therefrom that the board made any order or regulation in accordance with the requirement of the statute above quoted? It seems to me not. Beyond the recital of the complaint that had come to the board, the only action which it seems to have taken was its decision to notify Colligan that he must not again pump his cesspool over the ground, and that he must abate the nuisance, and the only order apparently made was "that the village attorney draw up such notice." It seems to me that, as shown by the proofs offered, the action of the board fell far short of such formal action in making an order or regulation as the statute contemplates.

What further preliminary action did plaintiff's board of health take? Apparently the village attorney prepared the notice decided upon by the board at its said meeting held on May 31st, for on June 2, 1910, the following notice was served upon defendant:

"June 2, 1910. To Edward Colligan. You are hereby forbidden to pump or otherwise empty the contents of the cesspool on your property on North Washington street in the village of Carthage upon the surface of the ground in the vicinity of such cesspool or elsewhere in the village of Carthage, by order of the board of health, village of Carthage, N. Y. Dated June 2, 1910. E. A. Simonds, M. D., Health Officer."

The statute required the board to not only make such orders and regulations for the suppression of nuisances, and concerning all other matters in its judgment detrimental to the public health in special or individual cases, not of general application, but it was also expressly charged and required to—

"*serve copies thereof* upon the owner or occupant of the premises whereon such nuisances or other matters may exist  *  *  *  or cause the same to be conspicuously posted thereon."

The service of the said notice upon defendant was the only service of any kind or upon any person that is claimed to have been made, and it is not claimed that there was any posting of any order or notice upon the premises.

The only compliance with the requirement of the statute that the board serve copies of its orders upon the owner was the service of the said notice signed by its health officer. It seems to me that this was not a sufficient compliance with the statute. The document served was not a copy of any order. At most it was a notice of the health officer, forbidding him to pump or otherwise empty his cesspool on the sur-

face of the ground in the village of Carthage. The statement in the notice that he was forbidden "by order of the board of health" adds nothing to the notice. No order was in fact ever made, and no copy thereof ever served.

[3] It cannot be seriously claimed that the preliminary acts of plaintiff's board were even a substantial compliance with the statute. But a strict compliance with the statute was required of plaintiff's board of health. Such board was purely a creature of statute, having only such limited powers as might be delegated to it by the Legislature, and such incidental powers as would enable it to effect the purposes for which it was created. Hasbrook v. Paddock, 1 Barb. 636; Strong v. Stebbins, 5 Cow. 210; Birdsall v. Clark, 73 N. Y. 73, 77, 29 Am. Rep. 105. While the efforts of plaintiff's board of health toward the suppression of unsanitary conditions must be applauded, nevertheless, when they seek to impose penalties and collect them, they are held to a strict compliance with every statutory preliminary leading up to the collection of the imposed penalty. If in any particular there has been a deviation from the path which the Legislature laid down for them to travel, such omission is a fatal one of which the accused may take advantage.

[4] The board of health at the time of taking action on May 31, 1910, even if it could be said to have made an order binding upon defendant, failed to provide any penalty for the violation of the order. The ordinance, without providing a penalty for its violation, was a nullity. McNall v. Kales, 61 Hun, 231, 16 N. Y. Supp. 7.

After defendant was served with the notice, his cesspool, about which complaint was made, was never pumped out or its contents emptied upon the ground. Shortly after the service of the notice defendant dug another cesspool 15 feet distant from the old one, and covered and filled up the latter, and changed his drains to the new one. Shortly after, the new pool filled up, defendant claims, with clear water which a broken closet trap in one of his houses permitted to flow. Defendant, on June 28, 1910, caused the new cesspool to be pumped out, and it is for such act on his part that the board of health seek to penalize him. Defendant insisted upon the trial that the water which was pumped out of the second pool was not offensive, but as to that there was a dispute, the members of the board testifying that the matter emptied upon the ground was dangerous to public health. Defendant further contended upon the trial that the emptying of the new pool was not in violation of the notice. The trial court held that the real intent of the board was to prohibit the deposit of sewage from defendant's tenement houses upon the surface of the ground, and that it made no difference from which cesspool it came. In this I am inclined to agree with the learned trial court.

[5] The board of health had prescribed no penalty for a violation of its so-called order at the time defendant caused the new cesspool to be emptied. But on August 3, 1910, at a meeting of said board of health, the board for the first time essayed to prescribe and impose a penalty for defendant's violation of its alleged order. The board then determined the amount of the penalty to be imposed at $50, which

amount defendant was ordered forthwith to pay. For reasons already assigned it seems to me that such action on the part of the board was clearly unauthorized. It had made no order for a violation of which it sought to impose the penalty. It had neglected to observe the plain provision of the statute as to service of such order. It was at best an attempt to cure by amendment its failure to prescribe a penalty for the violation of its order, which should have been provided at the time the order was made. Defendant was entitled to be served with a copy of such order, as required by the statute, and thus be apprised of its provisions and the penalty he might expect to suffer if he violated its terms. Manifestly the board was powerless, at a time two months after the proceedings, when it claims to have "made" the "order," and after it is claimed to have been violated by defendant, to cure its omission to provide a penalty for violation thereof. Such act would be ex post facto and void. Hartung v. People, 22 N. Y. 95.

Errors are claimed to have occurred upon the trial in the reception, under defendant's objection, of incompetent evidence, which, if I am correct as to the matters above discussed, we are not required to consider.

For the reasons which I have indicated, I think the judgment and order appealed from should be reversed, and judgment directed for the defendant dismissing the complaint, with costs to defendant in this court and the court below.

All concur except KRUSE, P. J., dissenting in memorandum.

KRUSE, P. J. (dissenting). I think the notice, in connection with the action of the board of health, sufficient as an order to meet the requirements of the statute, respecting the suppression of nuisances and matters detrimental to public health, in special or individual cases. The notice stated precisely what the defendant was forbidden to do. His violation thereof was not through inadvertence. It was deliberate and intentional, and if the notice was served upon the defendant by the direction of the board of health, as the proof shows, I think the defendant is liable for the penalty imposed. I do not think it was necessary that the order should be signed by the members of the board of health. If the health officer was acting under the authority of the board, that was sufficient. Neither do I think it necessary that the board of health should, in a special or individual case, determine in advance and state in the order the amount of the penalty to be incurred, for a violation of the order. The statute does not specifically so require, and it seems to me that no good reason exists for giving that construction to the statute. That question can better be determined after the violation than before. If the violation is flagrant and willful, as in this case, the penalty should justly be more than where the violation is through inadvertence, or where there are other extenuating circumstances. The statute limits the fine, but does not require the board to impose the limit or make the fine the same in amount in every case, regardless of the circumstances respecting the violation.

I do not think the case of McNall v. Kales, 61 Hun, 231, 16 N. Y. Supp. 7, supports the contention that the board of health should, in ad-

vance, have fixed the amount of the penalty for a violation of this special order. In that case the board of health sought to recover a penalty under a regulation that it would enforce compliance and inflict a penalty, not exceeding $100, for noncompliance with or violation of its lawful regulations and orders. But it never definitely fixed the amount of the penalty, either before or after the violation; and, as was said in the opinion of the court, the case presented was as though the members of the board of health had brought an action to recover a sum of money which, upon the trial of the action, they would show ought to be paid under the circumstances, and it was there held that the statute did not permit the plaintiff, after an action had been brought thus, to determine the amount of the penalty. What was there said about the theory of the statute requiring the board to fix a definite penalty, applicable to all persons for violation of its regulations, obviously referred to orders of general application. But, even in such a case, I am not prepared to hold that a board of health may not impose a penalty within the statutory limit, without prescribing in advance of the violation the exact amount of such fine.