Matter of Application of LLOYD MOOSE for Writ of Mandamus, *v.* TOWN BOARD OF HEALTH, TOWN OF SPARTA.

(Supreme Court, Livingston Special Term, September, 1921.)

Nuisance — when owner of premises bound to abate nuisance although not responsible for its cause — demurrer to application for writ to compel the board of health to abate the nuisance sustained — Public Health Law, § 31.

The owner of premises having notice or knowledge of the existence of a nuisance thereon is in duty bound to remove it although it was caused by a previous occupant.

Where a quantity of potatoes which a farm tenant was permitted by the owner of the premises to store in the cellar of the dwelling-house became rotten and decayed because one to whom the tenant orally agreed to sell them refused to take or remove them, it is the duty of the owner of the premises under section 31 of the Public Health Law to abate the nuisance.

The owner of the premises having an ample remedy at law to determine who was responsible to him for leaving the potatoes to rot in the cellar, a demurrer to his application for a writ of mandamus to compel the board of health to abate the nuisance or to show cause, will be sustained.

It not appearing whether the board of health had inspected the premises or had determined whether a nuisance existed thereon, the fact that relator asked for more than he would be entitled to in any case, was a sufficient reason for a dismissal of the proceeding, as matter of discretion, even though in all other respects the relator was right.

DEMURRER to mandamus.

Newton B. Gorham, for respondent and demurrer.

W. N. Thwing, for relator, opposed.

THOMPSON, J.    The relator asks the court to mandamus the respondent board of health to remove a

Supreme Court, September, 1921.        [Vol. 116.

nuisance which he alleges exists on his premises in the town of Sparta.

It seems relator permitted his farm tenant to store a quantity of potatoes in the cellar of his dwelling house; that the tenant afterward orally agreed with one Perry to sell him the potatoes, and that Perry came to the premises, and sorted, weighed and placed them in bags which he furnished.

It also appears that relator was to receive one-half of the proceeds upon the sale of the potatoes. The buyer refused to take the potatoes or to remove them from the cellar, denying that he had bought them; so that the potatoes are still in the cellar, and were in a rotten and decayed condition at the time relator notified the board of health. In his affidavit, relator says that the board of health has not removed the nuisance or indicated their intention so to do. The matter now comes up on demurrer. I think it must be sustained. In the first place, the owner of premises is responsible for the existence of a nuisance upon his premises, although it was caused by a previous occupant, and it is his duty to abate it when he receives notice or acquires knowledge of its existence. *Conhocton Stone Road* v. *Buffalo, N. Y. & E. Railroad Co.,* 51 N. Y. 573; *Ahern* v. *Steele,* 115 id. 203.

It does not appear that the tenant, or any other person, was or is in control or possession of the house on these premises in the cellar of which these potatoes were stored; on the contrary the fact seems to be that relator has been at all times in full possession and control of it. Section 31 of the Public Health Law states the law with respect to the duty of the owner of premises whereon a nuisance exists, and also provides penalties in case of the owner's neglect or refusal to obey the order of the board of health in such cases.

Thus it is that in this case the board of health have a full warrant in the statute for not only ordering the relator himself to abate this nuisance but to compel him to pay the expense thereof in case of his failure to do so after proper notice. *People ex rel. Burns* v. *Painter,* 128 App. Div. 69.

It does not itself have to do it, nor can it be required to have it done in any particular manner or by any particular person or agency. Public Health Law, § 37; *People ex rel. Rogers* v. *County Judge,* 13 How. Pr. 277.

It is plain that the purpose of this proceeding is to obtain an adjudication as to who is the owner of these potatoes. The board of health is not the proper forum in which to try this question. Its duty is to preserve public health, and its processes are largely peremptory. The law does not provide nor contemplate that it shall determine property rights, and its order in such respect would be of no force. Public Health Law, § 21; *Village of Carthage* v. *Colligan,* 158 App. Div. 793.

Nor can mandamus issue in such case. The rule of law is that mandamus may not be used to establish rights or to determine legal controversies, its function being to compel the doing of acts which it is the clear duty of a party to do without any commands whatever. *People ex rel. Security Tr. Co. of Rochester* v. *Treasurer of Monroe County,* 121 App. Div. 84.

Neither will certiorari be granted to review the action of a board of health in determining as to the existence of a nuisance. In fact, whoever abates a nuisance, whether he be a public authority or a private individual, he is responsible for his acts, and the sole remedy of one deeming himself aggrieved is by suit against the individual. *People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1.

It seems to me it is the duty of the relator to abate this nuisance and that he has ample remedy at law to determine who is responsible to him, if any one, for leaving the potatoes to rot in his cellar. *People ex rel. Murray* v. *Lindelthal,* 77 App. Div. 515.

Another fundamental rule with reference to mandamus is, that it cannot be invoked to compel an act in its nature discretionary. In general its office is to force the performance of mere ministerial acts. It may be addressed to subordinate judicial tribunals to compel them to exercise their discretionary functions, but never to require them to decide in a particular manner. They may be directed to act, but not how to act, in a matter as to which they have a right to exercise their judgment. When a subordinate body is vested with power to determine a question of fact, it cannot be directed to decide in a particular way, however clearly it may be made to appear what the decision ought to be. *People ex rel. Francis* v. *Common Council,* 78 N. Y. 33; *People ex rel. Wooster* v. *Maher,* 141 id. 330.

The writ in this case requires respondent to proceed to remove the nuisance existing or to show cause, thus taking away from them their discretionary right and duty to determine in the first instance whether or not the matters complained of constitute a nuisance, and the manner in which it should be abated in case they should so decide. The most that the court would have power to order in the premises would be that the board of health should determine whether or not a nuisance existed. It does not appear whether or not the board has inspected the premises or determined whether or not a nuisance exists. In this respect, the proceeding is again deficient. The applicant asks for more than he would be entitled to in any case, for which reason alone the proceeding might be dis-

missed, and this even though he be right in all other respects. *People ex rel. Ketteltas* v. *Cady,* 2 Hun, 224; *People ex rel. Keene* v. *Supervisors,* 142 N. Y. 271.

Lastly, exercise of the jurisdiction to grant mandamus rests in the sound discretion of the court. And the person seeking the relief must show a clear legal right to have the thing sought by it done. High Ex. Leg. Rem. § 9.

Measured by these tests, and the foregoing considerations, I think that the demurrer must be sustained with costs. Let a proper order be submitted.

Ordered accordingly.